**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QUENTIN JAMAAL FRAZIER,<br><br>       Petitioner,<br><br>   v.<br><br>RALPH DIAZ, Secretary of California Department of Corrections and Rehabilitation,<br><br>       Respondent. | Case No. LACV 20-9911-SB (LAL)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections and the remaining record, and has made a *de novo* determination.

  In his objections, Petitioner contends that the police violated his constitutional right to due process by failing to conduct a pretrial photographic lineup for one of the witnesses, Cedjanae Walker. The police previously had presented Walker with a number of photographic lineups that did not include Petitioner, and each time Petitioner identified a different individual as the shooter. Petitioner contends that, in these circumstances, the police acted in "bad faith" in failing to conduct a lineup with his photograph before allowing Walker to make an in-court identification. Objections, at 7-8 (arguing that the

1  failure to conduct the lineup violated the principles set forth in *Arizona v. Youngblood*,
2  488 U.S. 51, 57-58 (1988)).
3        Petitioner's Objections lack merit for the reasons stated in the Report and
4  Recommendation, and this Court fully adopts the reasoning therein.  In doing so, the
5  Court further notes that Petitioner has cited no authority to support his contention that the
6  police were constitutionally required to conduct a pretrial lineup under the circumstances
7  of this case.  The U.S. Supreme Court, in *Perry v. New Hampshire*, 565 U.S. 228, 232-33
8  (2012), held that a defendant cannot demonstrate a due process violation when "the
9  suggestive circumstances were not arranged by law enforcement officers."  Here,
10 Petitioner makes the novel argument that the police's inaction—i.e., their decision not to
11 conduct a pretrial photographic lineup that included his photograph with a witness who
12 previously identified different individuals—was itself a violation of his constitutional
13 rights.  Objections, at 7-8.
14       But Petitioner was free to attack the decision not to conduct the pretrial lineup and
15 impeach the witness for her prior inconsistent identifications at trial—and his trial
16 counsel vigorously did so.  Indeed, the People virtually acknowledged that Walker was
17 an unreliable eyewitness in their closing argument:

> You also have Cedjanae Walker indicating that the defendant was the
> one who shot [one of the victims].
>
> \* \* \*
>
> And was she under stress?  Yes.  Did she identify different people as the
> shooter?  Yes, she absolutely did. . . .  And when she comes into court,
> she sees the defendant and she tells you, "I saw him shoot [one of the
> victims].  Now, she could be remembering completely accurately.  She
> could be remembering completely wrong. . . .

Rptr. Tr. 2724:19 – 2725:17;[1] *see also id*. at 2802:6-12 ("Fine.  Get rid of

[Walker's] I.D.  She was scared that day.  She was the person facing the most

---

[1] The prosecutor explained that Walker's role in the trial was to introduce the victims. Rptr. Tr. 2726:1-10 ("But Mr. Walker, what she really did for you, as the jury, is really introduce you to the victims.  She really described for you the last moments of [victim] Pierre's life and the last moments of [victim] Bastian's life because, without her, we

trauma, who had the biggest possibility of getting it wrong.  She got the whole facts wrong.  She thought the shooting happened during the initial fight.  She was wrong.  That didn't happen."). And ultimately the jury rejected Walker's identification by declining to find that Petitioner was the shooter.  *See People v. Frazier*, No. B281888, 2018 WL 3083855, at *1 (Cal. Ct. App. June 22, 2018) (noting that the jury found "not true" the allegations that the defendant's firearm use caused the victims' deaths and that the defendant personally used a firearm to assault one of the victims).

In theses circumstances, Petitioner cannot reasonably contend that "[Walker's] identification was the strongest evidence of petitioner's guilt," and that he was therefore prejudiced by the failure to conduct a pretrial lineup. Objection, at 9.  Accordingly, even if the trial court erred in allowing Walker's in-court identification, it was harmless error.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Dated: March 30, 2022

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

wouldn't know that they're hiding behind a car and being pursued.  We wouldn't know that someone came over and pointed them out like they were hunting out there.  So she let you know exactly how this crime occurs, but you don't have her testimony, in terms of who did this crime.").

3